**194 So. 778**

**STATE v. MOORE.**

No. 35576.

March 4, 1940.

A. J. Hollander, of New Orleans, for defendant-appellant.

Lessley P. Gardiner, Atty. Gen., and Niels F. Hertz, Dist. Atty., R. A. Dowling, assisting the State, and George J. Gulotta, Asst. Dist. Atty., all of New Orleans, for appellee, the State.

O'NIELL, Chief Justice.

This is an appeal from a conviction and sentence for the crime of assaulting a person by wilfully shooting at him.

The only bill of exception in the record is one which was reserved to the overruling of a motion and supplemental motion for a new trial, on the ground of newly-discovered evidence. In the original motion the defendant claimed that he had discovered two new witnesses, after the trial, who were eye witnesses to the difficulty in which the shooting occurred, and that, if a new trial would be granted, the testimony of the two witnesses would justify an acquittal. It is admitted in the motion that the two witnesses were summoned forty-eight hours before the case was called for trial, and that they came into court about the time when the case was called for trial. The only reason given for the failure of the attorney to call the two witnesses to the stand is that "he did not know what their testimony would be." It was the duty of the defendant to find out, and to inform his attorney, what would be the testimony of the two witnesses whom he had summoned. It is obvious that either there was a lack of diligence on the part of the defendant or he did not want the testimony of the two witnesses on the trial of the case. In the supplemental motion for a new trial the defendant claims that he discovered another new witness after the trial. It is alleged that, if a new trial is granted, the testimony of this witness will show that the defendant had a right to be on the premises where the shooting occurred. But

there is nothing in the record to show the relevancy or importance of the fact that the defendant had a right to be on the premises where the shooting occurred. On the trial of the motion and supplemental motion for a new trial the judge heard the testimony of the three so-called newly-discovered witnesses, and heard the testimony of another witness; but the testimony is not in the record. Hence we are controlled by the statement per curiam, to the effect that there was no showing of due diligence on the part of the defendant or his attorney in the matter of obtaining the alleged newly-discovered testimony before the case went to trial,—and that the testimony of the alleged newly-discovered witnesses was not of sufficient importance to be apt to bring about an acquittal. There is nothing in either the original motion or the supplemental motion for a new trial, or elsewhere in the record, to cause us to doubt that the judge was right in refusing to grant a new trial.

The verdict and sentence are affirmed.